

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3620
General Fax: (212) 336-3625
TTY: (212) 336-3622

EEOC Charge #520-2006-00075
*Majid Borumand v. Merrill Lynch & Co., Inc.*

Majid Borumand
310 East 46th Street, Apt. #22L
New York, NY 10017

Anthony G. Mango, Esq.                    Charging Party's Attorney
MANGO & IACOVIELLO
The Pennsylvania Building
14 Penn Plaza, Suite 2200
New York, NY 10122

Merrill Lynch & Co., Inc.                 Respondent
Michele C. Meyer-Shipp, Esq.
1600 Merrill Lynch Drive, 1st Floor
Pennington, NJ 08534

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge filed under Title VII of the Civil Rights Act of 1964, as amended.

All requirements for coverage have been met. Charging Party alleges that he was discriminated against based on his religion (Muslim), his national origin (Iranian) and retaliation.

Specifically, Charging Party alleges that he was employed by Respondent as a vice president quantitative analyst at Respondent's New York City location in its global markets division. Charging Party alleges during his employment with Respondent, he was paid less and treated differently than other similarly situated individuals; that he was subjected to disparaging and derogatory statements; and, that when he complained of the discriminatory treatment, he was terminated.

Respondent denies Charging Party's allegations of employment discrimination. Respondent alleges that Charging Party was not hired as a quantitative analyst but rather a senior programmer and given a corporate title of vice president. Respondent alleges that Charging Party was not employed in its global markets division but rather its global equity technology group and that he worked in the technology group. Respondent alleges that Charging Party was not hired to perform nor did he perform the functions of a quantitative analyst. Respondent alleges that Charging Party, along with other similarly situated individuals, was paid commensurate to the work that they performed. Respondent alleges that it was not aware of Charging Party's religion as no information was gathered from him to establish it. Respondent alleges that while employed, Charging Party never complained of any discriminatory treatment. R alleges that Charging Party was terminated because his position was eliminated.

Examination of the evidence obtained during the Commission's investigation supports Charging Party's allegations that he was discriminated against on the basis of his religion, race and retaliation.

Based on this analysis, I have found that Respondent subjected Charging Party to discrimination based on his race and religion and retaliated against him. Therefore, I conclude that the evidence obtained during the Commission's investigation has established a violation of Title VII of the Civil Rights Act of 1964, as amended.

Section 706(b) of Title VII requires that if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations.

If Respondent declines to enter into conciliation discussion, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Commission, I will so inform the parties in writing and advise them of the court enforcement alternatives available to the Charging Party, aggrieved person, and the Commission.

On behalf of the Commission:

_____          SEP 12 2006
Spencer H. Lewis, Jr.                    Date
District Director

2