**JUDGE KOELTL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY        :      '07 CIV 6017
COMMISSION,                         :      CIVIL ACTION NO.
                                    :
    Plaintiff                      :
                                    :
v.                                  :      COMPLAINT
                                    :
MERRILL LYNCH & CO., INC.           :
                                    :      JURY TRIAL DEMAND
    Defendant.                     :
-----------------------------------------------------------x

RECEIVED
JUN 2 6 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Iranian) and religion (Muslim) and provide relief to Majid Borumand. As alleged with greater particularity below, Defendant Merrill Lynch & Co., Inc., discriminated against Mr. Borumand by failing to promote him and terminating him because of his national origin, Iranian, and religion, Muslim.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The unlawful employment practices alleged below were and are now

being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) of Title VII, 42 U.S.C. §§2000e-5(f)(1).

4. At all relevant times, Defendant Merrill Lynch & Co., Inc. ("Defendant") has continuously been doing business in the State of New York and County of New York, and has had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Majid Borumand filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around January, 2002 Respondent offered Mr. Borumand a position as a Quantitative Analyst in its Global Markets and Investments Banking's Model Development Group.

8. In or around February, 2002 Respondent filed a I-129 Petition for a Nonimmigrant Worker on behalf of Mr. Borumand, listing his position as "VP/Quantitative Analyst." In doing so, Respondent averred that the duties of a Quantitative Analyst required, at a minimum, a Masters in Mathematics or a similar degree, and that no American was available who met the job requirements.

9. Mr. Borumand's degrees include a Ph.D. in Theoretical Physics and a Masters in Mathematical Finance.

10. While employed at Merrill Lynch, Mr. Borumand was subject to a number of remarks that reflected animus towards his national origin and religion, including but not limited to a comment that "Quants were like Israelis and traders were like Palestinians."

11. While employed at Merrill Lynch, Mr. Borumand was subject to a number of remarks that reflected animus towards his national origin and religion, including but not limited to being told that "the reason that you are not allowed on the trading floor is because you are from a country which has a high risk factor and a threat."

12. Since at least June, 2005, Defendant discriminated against Majid Borumand on the basis of his national origin, Iranian, and religion, Muslim, by refusing to promote him from Models, located at 222 Broadway, to the "Quantitative Analyst Group," located at 4 World Financial Center, and terminating him.

13. The effect of the practices complained of above has been to deprive Mr. Borumand of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Iranian, and religion, Muslim.

14. The unlawful employment practices complained of above were intentional.

15. At all relevant times, Defendants have acted with malice or reckless indifference to the federally protected rights of Mr. Borumand.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of national origin and religion;

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of national origin and religion, and that eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to make Majid Borumand whole by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

D. Order Defendant to make Majid Borumand whole by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

E. Order Defendants to provide punitive damages to Majid Borumand for its malicious and/or reckless conduct, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper;

G. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Dated: June 26, 2007

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

_____
Elizabeth A. Grossman, EG-2478
Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney

_____
Michael J. O'Brien, MOB-6409
Senior Trial Attorney

New York District Office
33 Whitehall St., 5th Floor
New York, NY 0004-2112
tel:            (212) 336-3694
fax:            (212) 336-3623
e-mail:         michael.obrien@eeoc.gov