UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,        07 CIV. 6017 (DAB) (KNF)
                                          (ECF Case)
   v.

MERRILL LYNCH & CO., INC.

                Defendant.

-----------------------------------------------------------X    (Electronically filed)


**MEMORANDUM OF LAW OF PLAINTIFF-INTERVENOR**
**IN SUPPORT OF HIS MOTION TO INTERVENE**


                                 MANGO & IACOVIELLO, LLP
                                 14 Penn Plaza, Suite 2200
                                 New York, New York 10122
                                 212-695-5454
                                 212-695-0797 facsimile

                                 LIDDLE & ROBINSON, L.L.P.
                                 800 Third Avenue
                                 New York, New York 10022
                                 212-687-8500
                                 212-687-1505 facsimile

                                 Attorneys for Plaintiff-Intervenor
                                 Majid Borumand

Of Counsel:

    Anthony G. Mango
    Jeffrey L. Liddle
    James R. Hubbard
    Michael E. Grenert

## PRELIMINARY STATEMENT

Plaintiff-Intervenor Majid Borumand ("Borumand"), by his attorneys, Mango & Iacoviello, LLP and Liddle & Robinson, L.L.P., submits this Memorandum of Law in support of his motion pursuant to Rule 24(a) of the Federal Rules of Civil Procedure (Fed R. Civ. P.), to intervene in the above-captioned action (a copy of the proposed Complaint in Intervention is annexed to the Notice of Motion as Exhibit A).

## FACTS

The instant action was commenced on June 26, 2007 by the United States Equal Employment Opportunity Commission ("EEOC"), seeking relief under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, on behalf of Plaintiff-Intervenor Borumand to remedy discriminatory practices in employment while Plainitff-Intervenor Borumand was employed by Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch"). By this motion, Plaintiff-Intervenor Borumand seeks permission of the Court to intervene in the instant action brought by the EEOC on his behalf.

## ARGUMENT

## PLAINTIFF-INTERVENOR IS ENTITLED
## TO INTERVENE IN THE INSTANT ACTION AS OF RIGHT

A.  **Plaintiff-Intervenor Is Entitled To Intervene As of Right
To Assert His Claims Arising Under Title VII**

Plaintiff-Intervenor has the unconditional right to intervene in the instant action pursuant to Rule 24(a)(1), which provides, in pertinent part:

> "Upon timely application anyone shall be permitted to intervene in an action . . . when a Statute of the United States confers an unconditional right to intervene . . . "

Fed R. Civ. P. 24(a)(1).

Rule 24(a)(1) requires that motions to intervene as of right be timely made. The instant action was filed on June 26, 2007, just over a month ago. Accordingly, plaintiff-intervenor has timely brought the instant motion. *See, e.g., EEOC v. General Motors Corporation*, No. 87-2271-S, 1987 WL 47306 (D. Kan. Oct. 16, 1987) (holding that motion to intervene filed less than two months after EEOC's initiation of litigation is timely); *EEOC v. Taylor Electric Co.*, 155 F.R.D. 180, 182 (N.D.Ill. 1994) (holding that intervention as of right is unconditional where motion to intervene is timely when filed approximately four months after commencement of EEOC action and original parties have not filed any motions or conducted any discovery).

The second requirement imposed by Rule 24(a)(1) governing intervention as of right is that a federal statute confer an unconditional right to intervene. It is clear that this case involves a situation in which intervention as of right should be granted, most directly because Section 706(f) of Title VII gives individuals the right to intervene in actions brought by the EEOC on their behalf. More specifically, section 706(f) provides, *inter alia,* that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the commission ...." 42 U.S.C. § 2000e-5(f)(1). The movant in this case is the "person aggrieved," since he filed the

3

charge of discrimination upon which this lawsuit is based. *Spirt v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 640 (S.D.N.Y. 1982) (holding that a "person aggrieved" under section 706(f) means a person who filed a charge, or whose claim is close enough to the charge filed to permit that person to file suit under Title VII), *aff'd in part and rev'd in part on other grounds*, 691 F.2d 1054 (2d Cir. 1982).

Accordingly, Plaintiff-Intervenor is entitled to intervene in this action because Title VII grants him the unconditional right to intervene in an action initiated by the EEOC on his behalf.

### B. The Court Has Subject Matter Jurisdiction Over Plaintiff-Intervenor's Supplemental Claims Arising Under The Laws of New York State and New York City

The proposed Complaint In Intervention sets forth claims arising under both the New York State Human Rights Law and the New York City Human Rights Law (Proposed Compl. Interven., Second, Third, Fifth, Sixth, Eighth and Ninth Claims). As alleged in the Proposed Complaint in Intervention (¶ 2), this Court may properly consider these claims together with the federal claims asserted based on this Court's supplemental jurisdiction over such claims.

28 U.S.C. § 1367(a) provides, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

*Id.* (emphasis added). It cannot be disputed that Plaintiff-Intervenor's New York State and New York City discrimination claims form part of the same "case or controversy" as each of his federal discrimination claims asserted in the Proposed Complaint in Intervention. *See Keiko Westphal v. Catch Ball Prod. Corp.*, 953 F. Supp. 475, 479 (S.D.N.Y. 1997). Plaintiff-

4

Intervenor's state and city claims are based on the same facts and allege the same type of discrimination as his federal discrimination claims. Consequently, supplemental jurisdiction is properly invoked with respect to Plaintiff-Intervenor's state and city claims.

## CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor respectfully requests that his motion to intervene as Plaintiff-Intervenor be granted in its entirety, along with such other and further relief which the Court deems just and proper.

Dated: New York, New York
August 3, 2007

Respectfully submitted,

MANGO & IACOVIELLO, LLP

By: _____
Anthony G. Mango (AM-4962)
14 Penn Plaza, Suite 2200
New York, New York 10122
(212) 695-5454

LIDDLE & ROBINSON, L.L.P.

By:_____S/_____
Michael E. Grenert (MG-2021)
Jeffrey L. Liddle (JL-8256)
James R. Hubbard (JH-3739)
800 Third Avenue
New York, New York 10022
(212) 687-8500

Attorneys for Plaintiff-Intervenor
Majid Borumand