Edward Cerasia II (EC-8297)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Mark S. Dichter (To Be Admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
215.963.5000

Attorneys for Defendant
 Merrill Lynch, Pierce, Fenner & Smith Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
EQUAL EMPLOYMENT OPPORTUNITY                                     :
COMMISSION,                                                      :
                                                                 :
                    Plaintiff,                                   :   07 CIV 6017 (DAB-KNF)
                                                                 :
         - against -                                             :   <u>Document Electronically Filed</u>
                                                                 :
MERRILL LYNCH & CO., INC.,                                       :
                                                                 :
                    Defendant.                                   :
                                                                 :
-----------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"),[1] by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint as follows:

---

[1]    While plaintiff has named "Merrill Lynch & Co., Inc." as the defendant in this case, it is not a proper party.

## NATURE OF THE ACTION

Merrill Lynch denies the allegations in the unnumbered paragraph entitled "Nature of the Action" on page 1 of the Complaint, except admits that plaintiff purports to assert, on behalf of Majid Borumand ("Borumand"), claims for national origin and religion discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Merrill Lynch further denies that it engaged in any unlawful or discriminatory conduct against Borumand.

## JURISDICTION AND VENUE

1. Merrill Lynch denies the allegations in paragraph 1 of the Complaint, except admits that plaintiff seeks to invoke this Court's jurisdiction under Title VII.

2. Merrill Lynch denies the allegations in paragraph 2 of the Complaint, except admits that the conduct alleged in the Complaint purportedly occurred within this District. Merrill Lynch further denies that it engaged in any unlawful or discriminatory conduct against Borumand.

## PARTIES

3. Merrill Lynch denies the allegations in paragraph 3 of the Complaint, except admits that plaintiff is an agency of the United States government and that it has certain enforcement authority under Title VII.

4. Merrill Lynch admits the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required.

## STATEMENT OF CLAIMS

6. Merrill Lynch admits the allegations in the first sentence of paragraph 6 of the Complaint. The allegations in the second sentence of paragraph 6 of the Complaint state legal conclusions to which no response is required.

7. Merrill Lynch denies the allegations in paragraph 7 of the Complaint, except admits that, in or about January 2002, it offered Borumand a position in the Global Equity Technology Group.

8. Merrill Lynch denies the allegations in paragraph 8 of the Complaint, except admits that, in February 2002, it filed a Form I-129 Petition for a Nonimmigrant Worker (the "Petition") on behalf or Borumand with the U.S. Department of Justice – Immigration and Naturalization Service ("INS"), which speaks for itself; that the Form I-129 listed Borumand's job as "Programmer/Quantitative Analyst;" and that Merrill Lynch's February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities.

9. Based upon information supplied by Borumand, Merrill Lynch admits the allegations in paragraph 9 of the Complaint.

10. Merrill Lynch denies the allegations in paragraph 10 of the Complaint.

11. Merrill Lynch denies the allegations in paragraph 11 of the Complaint.

12. Merrill Lynch denies the allegations in paragraph 12 of the Complaint.

13. Merrill Lynch denies the allegations in paragraph 13 of the Complaint.

14. Merrill Lynch denies the allegations in paragraph 14 of the Complaint.

15. Merrill Lynch denies the allegations in paragraph 15 of the Complaint.

### PRAYER FOR RELIEF

Merrill Lynch denies that plaintiff is entitled to any of the relief requested in the "Prayer for Relief" on page 4 of the Complaint, or to any other relief.

### JURY TRIAL DEMAND

Merrill Lynch admits that plaintiff has requested a trial by jury.

### GENERAL DENIAL

Merrill Lynch denies each and every allegation in the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

At this time, Merrill Lynch asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiff's claims are based upon alleged conduct that occurred more than 300 days before Borumand filed his EEOC charge, such claims are time-barred.

### SECOND AFFIRMATIVE DEFENSE

In the event that plaintiff can demonstrate that Borumand's national origin and/or religion was a motivating factor in any employment decision that it challenges, plaintiff is not entitled to recover on behalf of Borumand any money damages, reinstatement or other relief because Merrill Lynch would have taken the same action in the absence of any such impermissible factor(s).

### THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Merrill Lynch is not liable for any alleged discrimination because it exercised reasonable care to prevent such behavior and Borumand unreasonably failed

to take advantage of the preventative and corrective opportunities provided by Merrill Lynch and otherwise failed to avoid harm.

## FOURTH AFFIRMATIVE DEFENSE

Merrill Lynch cannot be held vicariously liable for punitive damages under Title VII because it made good faith efforts to comply with that statute.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Merrill Lynch's behalf and/or were not authorized by Merrill Lynch.

## SIXTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, plaintiff's request for economic damages is barred in whole or in part by Borumand's failure to mitigate his purported damages.

Merrill Lynch reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Merrill Lynch requests that the Court enter judgment (1) dismissing the Complaint with prejudice and on the merits; (2) awarding to Merrill Lynch its costs and

reasonable attorneys' fees incurred in this lawsuit; and (3) granting to Merrill Lynch such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 10, 2007

>MORGAN, LEWIS & BOCKIUS LLP
>
>By _/s/ Edward Cerasia II_
>Edward Cerasia II (EC-8297)
>101 Park Avenue
>New York, New York 10178
>212.309.6000
>
>Mark S. Dichter (To Be Admitted *Pro Hac Vice*)
>1701 Market Street
>Philadelphia, Pennsylvania 19103
>215.963.5000
>
>Attorneys for Defendant
> Merrill Lynch, Pierce, Fenner & Smith Incorporated

## CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2007, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses by the Electronic Case Filing system and U.S. first-class mail, postage prepaid, on the following counsel of record for plaintiff:

> Elizabeth A. Grossman
> Lisa Sirkin
> Michael J. O'Brien
> U.S. Equal Employment Opportunity Commission
> New York District Office
> 33 Whitehall Street, 5th Floor
> New York, New York 10004-2112

_____
Edward Cerasia II