UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                  Plaintiff,

     -against-                07 Civ. 6017 (DAB)
                                 MEMORANDUM & ORDER

MERRILL LYNCH & CO., INC.,

                  Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Before the Court is putative Plaintiff-Intervenor Majid Borumand's Motion to Intervene in this matter as of right, pursuant to Fed. R. Civ. P. 24(a)(1). The motion is unopposed. Plaintiff-Intervenor's Motion to Intervene is GRANTED.

## BACKGROUND

     On June 26, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") on behalf of Majid Borumand, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Complaint alleges that Merrill Lynch subjected Mr. Borumand to discrimination on the basis of his religion and national origin while he was in its employ.

     Mr. Borumand filed the instant Motion to Intervene on August 3, 2007. Mr. Borumand's proposed complaint alleges the same

discriminatory conduct alleged in the EEOC's Complaint, namely that Merrill Lynch discriminated against him on the basis of his Muslim religion and his Iranian national origin and also unlawfully retaliated against him for complaining about his treatment. His proposed complaint alleges violations of the New York State Human Rights Law and the New York City Human Rights Law in addition to violations of Title VII.

DISCUSSION

Federal Rule of Civil Procedure 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . .

Fed. R. Civ. P. 24(a)(1). In this case, there is no question that the Motion to Intervene is timely since it was filed less than two months after this suit commenced. Moreover, Title VII provides Mr. Borumand with an unconditional right to intervene in this action: "the person or persons aggrieved shall have the right to intervene in a civil action by the [EEOC]." 42 U.S.C. § 2000e-5(f)(1). Accordingly, Plaintiff-Intervenor Majid Borumand's Motion to Intervene is GRANTED. See E.E.O.C. v. Rekrem, Inc., 199 F.R.D. 526, 529 (S.D.N.Y. 2001) (granting motion to intervene in EEOC employment discrimination suit

because the motion was "timely and because Title VII affords these movants an unconditional right to intervene"). Further, the Court shall exercise its supplemental jurisdiction over Mr. Borumand's state law claims.

CONCLUSION

Plaintiff-Intervenor Majid Borumand's Motion to Intervene in this matter pursuant to Fed. R. Civ. 24(a)(1) is hereby GRANTED. Plaintiff-Intervenor shall file his proposed complaint within ten (10) days of the date of this Memorandum and Order.

SO ORDERED.

Dated:   New York, New York
         September 26, 2007

_____
Deborah A. Batts
United States District Judge

because the motion was "timely and because Title VII affords these movants an unconditional right to intervene"). Further, the Court shall exercise its supplemental jurisdiction over Mr. Borumand's state law claims.

## CONCLUSION

Plaintiff-Intervenor Majid Borumand's Motion to Intervene in this matter pursuant to Fed. R. Civ. 24(a)(1) is hereby GRANTED. Plaintiff-Intervenor shall file his proposed complaint within ten (10) days of the date of this Memorandum and Order.

SO ORDERED.

Dated:   New York, New York
         September 26, 2007

                                          Deborah A. Batts
                                   United States District Judge