Edward Cerasia II (EC-8297)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Mark S. Dichter (admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania  19103
215.963.5000

Attorneys for Defendant
 Merrill Lynch, Pierce, Fenner & Smith Incorporated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                    :
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                          :
                    :
             Plaintiff,  :   07 CIV 6017 (DAB-KNF)
                    :
   - against -                 :   <u>Document Electronically Filed</u>
                    :
MERRILL LYNCH & CO., INC.,       :
                    :
             Defendant.  :
                    :
------------------------------------------------------------x
                    :
MAJID BORUMAND,              :
                    :
           Plaintiff-Intervenor,  :
                    :
   - against -                 :
                    :
MERRILL LYNCH & CO., INC.,       :
                    :
             Defendant.  :
                    :
------------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES TO THE**
<u>**COMPLAINT OF PLAINTIFF-INTERVENOR MAJID BORUMAND**</u>

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"),[1] by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff-Intervenor Majid Borumand ("Complaint") as follows:

## NATURE OF THE ACTION

1.  Merrill Lynch denies the allegations in paragraph 1 of the Complaint, except admits that Borumand purports to assert claims for national origin and religion discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Merrill Lynch further denies that it engaged in any unlawful, discriminatory or retaliatory conduct against Borumand.

## JURISDICTION AND VENUE

2.  Merrill Lynch denies the allegations in paragraph 2 of the Complaint, except admits that Borumand seeks to invoke this Court's jurisdiction under Title VII and that he seeks to invoke the Court's supplemental jurisdiction with respect to his NYSHRL and NYCHRL claims.

3.  Merrill Lynch denies the allegations in paragraph 3 of the Complaint, except admits that the conduct alleged in the Complaint purportedly occurred within this District. Merrill Lynch further denies that it engaged in any unlawful, discriminatory or retaliatory conduct against Borumand.

## THE PARTIES

4.  Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore leaves Borumand to

---

[1]   While plaintiff-intervenor Majid Borumand ("Borumand") has named "Merrill Lynch & Co." as the defendant in this case, it is not a proper party.

his proof, except admits, based upon information supplied by Borumand, that he is an Iranian citizen.

5. The allegations in paragraph 5 of the Complaint state legal conclusions to which no response is required, except Merrill Lynch admits that it is a Delaware corporation doing business within this District.

## **FACTS**

6. Merrill Lynch denies the allegations in paragraph 6 of the Complaint, except admits that, in or about January 2002, it offered Borumand a position in the Global Equity Technology Group.

7. Merrill Lynch denies the allegations in paragraph 7 of the Complaint, except admits that, in February 2002, it filed a Form I-129 Petition for a Nonimmigrant Worker (the "Petition") on behalf of Borumand with the U.S. Department of Justice – Immigration and Naturalization Service ("INS"), which speaks for itself; that the Form I-129 listed Borumand's job as "Programmer/Quantitative Analyst;" and that Merrill Lynch's February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities.

8. Based upon information supplied by Borumand, Merrill Lynch admits the allegations in paragraph 8 of the Complaint.

9. Merrill Lynch denies the allegations in paragraph 9 of the Complaint.

10. Merrill Lynch denies the allegations in paragraph 10 of the Complaint.

11. Merrill Lynch denies the allegations in paragraph 11 of the Complaint.

12. Merrill Lynch denies the allegations in paragraph 12 of the Complaint.

13. Merrill Lynch denies the allegations in paragraph 13 of the Complaint.

14. Merrill Lynch denies the allegations in paragraph 14 of the Complaint.

15. Merrill Lynch denies the allegations in paragraph 15 of the Complaint.

16. Merrill Lynch denies the allegations in paragraph 16 of the Complaint.

17. Merrill Lynch denies the allegations in paragraph 17 of the Complaint, except admits that, during his employment, Borumand performed work with respect to models to Merrill Lynch's convertible bond trading activities.

18. Merrill Lynch denies the allegations in paragraph 18 of the Complaint, except admits that, in February 2002, it filed the Petition on behalf of Borumand with the U.S. Department of Justice – INS, which speaks for itself; that the Petition listed Borumand's job as "Programmer/Quantitative Analyst;" that Merrill Lynch's February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities; that Borumand was employed as a Senior Programmer/Quantitative Analyst in the Global Equity Technology Group; and that Borumand's compensation, which was based upon legitimate factors, was less than certain employees in the Global Equity Technology Group. Merrill Lynch further denies that it engaged in any unlawful or discriminatory conduct towards Borumand with respect to his compensation.

19. Merrill Lynch denies the allegations in paragraph 19 of the Complaint.

20. Merrill Lynch denies the allegations in paragraph 20 of the Complaint.

21. Merrill Lynch denies the allegations in paragraph 21 of the Complaint, and further denies that Borumand engaged in protected activity.

22. Merrill Lynch denies the allegations in paragraph 22 of the Complaint, except admits that, in or about April 2005, Yonathan Epelbaum became the Managing Director in charge of the Quantitative Analyst Group.

23. Merrill Lynch denies the allegations in paragraph 23 of the Complaint.

24. Merrill Lynch denies the allegations in paragraph 24 of the Complaint.

25. Merrill Lynch denies the allegations in paragraph 25 of the Complaint, except admits that, on or about June 25, 2005, Borumand was informed that his position was being eliminated.

26. Merrill Lynch denies the allegations in paragraph 26 of the Complaint, except admits that Borumand was informed that his position was being eliminated.

27. Merrill Lynch denies the allegations in paragraph 27 of the Complaint, except admits that it had retained the services of a consultant in the Quantitative Analyst Group and that, based upon information supplied by Borumand, he holds a Ph.D. degree in theoretical physics and a Master's degree in mathematical finance from the University of Wisconsin-Madison.

28. Merrill Lynch denies the allegations in paragraph 28 of the Complaint, except admits that, after being informed that Merrill Lynch was eliminating his position, Borumand complained about alleged discrimination.

29. Merrill Lynch denies the allegations in paragraph 29 of the Complaint.

30. Merrill Lynch denies the allegations in paragraph 30 of the Complaint.

31. Merrill Lynch denies the allegations in paragraph 31 of the Complaint.

32. Merrill Lynch admits the allegations in paragraph 32 of the Complaint.

33. Merrill Lynch denies the allegations in paragraph 33 of the Complaint, except admits that, on or about September 12, 2006, the EEOC issued a Determination, in which the District Director stated his conclusion that Merrill Lynch discriminated and retaliated against

Borumand and that a copy of the EEOC's Determination is attached to the Complaint as Exhibit 2 and speaks for itself.

34. Merrill Lynch admits the allegations in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint state legal conclusions to which no response is required.

## FIRST CLAIM FOR RELIEF

36. With respect to paragraph 36 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Merrill Lynch denies the allegations in paragraph 37 of the Complaint.

38. Merrill Lynch denies the allegations in paragraph 38 of the Complaint.

39. Merrill Lynch denies the allegations in paragraph 39 of the Complaint.

40. Merrill Lynch denies the allegations in paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF

41. With respect to paragraph 41 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Merrill Lynch denies the allegations in paragraph 42 of the Complaint.

43. Merrill Lynch denies the allegations in paragraph 43 of the Complaint.

44. Merrill Lynch denies the allegations in paragraph 44 of the Complaint.

## THIRD CLAIM FOR RELIEF

45. With respect to paragraph 45 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Merrill Lynch denies the allegations in paragraph 46 of the Complaint.

47. Merrill Lynch denies the allegations in paragraph 47 of the Complaint.

48. Merrill Lynch denies the allegations in paragraph 48 of the Complaint.

49. Merrill Lynch denies the allegations in paragraph 49 of the Complaint.

## FOURTH CLAIM FOR RELIEF

50. With respect to paragraph 50 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Merrill Lynch denies the allegations in paragraph 51 of the Complaint.

52. Merrill Lynch denies the allegations in paragraph 52 of the Complaint.

53. Merrill Lynch denies the allegations in paragraph 53 of the Complaint.

54. Merrill Lynch denies the allegations in paragraph 54 of the Complaint.

## FIFTH CLAIM FOR RELIEF

55. With respect to paragraph 55 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Merrill Lynch denies the allegations in paragraph 56 of the Complaint.

57. Merrill Lynch denies the allegations in paragraph 57 of the Complaint.

58. Merrill Lynch denies the allegations in paragraph 58 of the Complaint.

## SIXTH CLAIM FOR RELIEF

59. With respect to paragraph 59 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Merrill Lynch denies the allegations in paragraph 60 of the Complaint.

61. Merrill Lynch denies the allegations in paragraph 61 of the Complaint.

62. Merrill Lynch denies the allegations in paragraph 62 of the Complaint.

63. Merrill Lynch denies the allegations in paragraph 63 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

64. With respect to paragraph 64 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Merrill Lynch denies the allegations in paragraph 65 of the Complaint.

66. Merrill Lynch denies the allegations in paragraph 66 of the Complaint.

67. Merrill Lynch denies the allegations in paragraph 67 of the Complaint.

68. Merrill Lynch denies the allegations in paragraph 68 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

69. With respect to paragraph 69 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. Merrill Lynch denies the allegations in paragraph 70 of the Complaint.

71. Merrill Lynch denies the allegations in paragraph 71 of the Complaint.

72. Merrill Lynch denies the allegations in paragraph 72 of the Complaint.

## NINTH CLAIM FOR RELIEF

73. With respect to paragraph 73 of the Complaint, Merrill Lynch incorporates by reference its responses to paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Merrill Lynch denies the allegations in paragraph 74 of the Complaint.

75. Merrill Lynch denies the allegations in paragraph 75 of the Complaint.

76. Merrill Lynch denies the allegations in paragraph 76 of the Complaint.

77. Merrill Lynch denies the allegations in paragraph 77 of the Complaint.

## JURY DEMAND

Merrill Lynch admits that Borumand has requested a trial by jury.

### PRAYER FOR RELIEF

Merrill Lynch denies that Borumand is entitled to any of the relief requested in the "Prayer for Relief" on pages 15 through 17 of the Complaint, or to any other relief.

### GENERAL DENIAL

Merrill Lynch denies each and every allegation in the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

At this time, Merrill Lynch asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

To the extent that Borumand's Title VII claims are based upon alleged conduct that occurred more than 300 days before he filed his EEOC charge, such claims are time-barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Borumand's NYSHRL or NYCHRL claims are based upon alleged conduct that occurred more than three years before he filed this lawsuit, such claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE

In the event that Borumand can demonstrate that his national origin, religion or purported protected activity was a motivating factor in any employment decision that he challenges, he is not entitled to recover any money damages, reinstatement or other relief because Merrill Lynch would have taken the same action in the absence of any such impermissible factor(s).

### FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Merrill Lynch is not liable for any alleged discrimination because it exercised reasonable care to prevent such behavior and Borumand unreasonably failed

to take advantage of the preventative and corrective opportunities provided by Merrill Lynch and otherwise failed to avoid harm.

## FIFTH AFFIRMATIVE DEFENSE

Merrill Lynch cannot be held vicariously liable for punitive damages under Title VII and/or the NYCHRL because it made good faith efforts to comply with those statutes.

## SIXTH AFFIRMATIVE DEFENSE

Merrill Lynch has established, implemented and complied with policies, programs and procedures for the prevention and detection of alleged unlawful discriminatory practices by employees in accordance with the NYCHRL.

## SEVENTH AFFIRMATIVE DEFENSE

Borumand's NYCHRL claims are barred under § 8-107(13)(d) of the NYCHRL.

## EIGHTH AFFIRMATIVE DEFENSE

Borumand's demand for punitive damages under the NYCHRL is bared under § 8-107(13)(e) of the NYCHRL.

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Merrill Lynch's behalf and/or were not authorized by Merrill Lynch.

## TENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Borumand's request for economic damages is barred in whole or in part by his failure to mitigate his purported damages.

Merrill Lynch reserves the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Merrill Lynch requests that the Court enter judgment:

(1)  dismissing the Complaint with prejudice and on the merits;

(2)  awarding to Merrill Lynch its costs and reasonable attorneys' fees incurred in this lawsuit; and

(3)  granting to Merrill Lynch such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 2, 2007

>MORGAN, LEWIS & BOCKIUS LLP
>
>By s/Edward Cerasia II
>    Edward Cerasia II (EC-8297)
>101 Park Avenue
>New York, New York 10178
>212.309.6000
>
>Mark S. Dichter (admitted *Pro Hac Vice*)
>1701 Market Street
>Philadelphia, Pennsylvania  19103
>215.963.5000
>
>Attorneys for Defendant
> Merrill Lynch, Pierce, Fenner & Smith Incorporated

**CERTIFICATE OF SERVICE**

     I hereby certify that, on November 2, 2007, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses to the Complaint of Plaintiff-Intervenor Majid Borumand by the Electronic Case Filing system and U.S. first-class mail, postage prepaid, on the following counsel of record for plaintiff-intervenor and plaintiff:

> Anthony Mango
> Mango & Iacoviello, LLP
> 14 Penn Plaza, Suite 2200
> New York, New York 10122
>
> Michael E. Grenert
> Liddle & Robinson, L.L.P.
> 800 Third Avenue
> New York, New York 10022
>
> Michael J. O'Brien
> U.S. Equal Employment Opportunity Commission
> New York District Office
> 33 Whitehall Street, 5th Floor
> New York, New York 10004-2112

                                                       s/Edward Cerasia II
                                                       Edward Cerasia II