UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY          :     Civil Action No.
COMMISSION,                           :
                                      :     07-CIV-6017 (DAB) (KNF)
         Plaintiff,                   :     (ECF CASE)
                                      :
    v.                                :
                                      :     AMENDED COMPLAINT
MERRILL LYNCH & CO., INC., and        :
MERRILL LYNCH, FENNER, PIERCE &       :     JURY TRIAL DEMAND
SMITH, INCORPORATED,                  :
                                      :
         Defendants.                  :
------------------------------------------------------------x
MAJID BORUMAND,                       :
                                      :
         Plaintiff-Intervenor,        :
                                      :
    v.                                :
                                      :
MERRILL LYNCH & CO., INC., and        :
MERRILL LYNCH, FENNER, PIERCE &       :
SMITH, INCORPORATED,                  :
                                      :
         Defendants.                  :
------------------------------------------------------------x



## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Iranian) and provide relief to Majid Borumand. As alleged with greater particularity below, Defendants Merrill Lynch & Co., Inc., and Merrill Lynch, Fenner, Pierce & Smith, Incorporated, discriminated against Mr. Borumand by failing to promote him and terminating him because of his national origin, Iranian, and religion, Muslim.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) of Title VII, 42 U.S.C. §§2000e-5(f)(1).

4. At all relevant times, Defendants Merrill Lynch & Co., Inc., and Merrill Lynch, Fenner, Pierce & Smith, Incorporated, (collectively "Defendants") have continuously been doing business in the State of New York and County of New York, and have had at least fifteen employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Majid Borumand filed a charge of discrimination with the Commission alleging violations of Title VII by Merrill Lynch & Co., Inc. All conditions precedent to the institution of this

lawsuit have been fulfilled.

7. In or around January, 2002 Defendants offered Mr. Borumand a position as a Quantitative Analyst in their "Models" section.

8. In or around February, 2002 Defendants filed a I-129 Petition for a Nonimmigrant Worker on behalf of Mr. Borumand, listing his position as "VP/Quantitative Analyst." In doing so, Defendants averred that the duties of a Quantitative Analyst required, at a minimum, a Masters in Mathematics or a similar degree, and that no American was available who met the job requirements.

9. While employed at Defendants, Mr. Borumand was subject to a number of remarks that reflected animus towards his national origin and religion, including but not limited to a comment that "Quants were like Israelis and traders were like Palestinians."

10. While employed at Defendants, Mr. Borumand was subject to a number of remarks that reflected animus towards his national origin and religion, including but not limited to being told that "the reason that you are not allowed on the trading floor is because you are from a country which has a high risk factor and a threat."

11. Since at least June, 2005, Defendants discriminated against Majid Borumand on the basis of his national origin, Iranian, and religion, Muslim, by refusing to promote him from Models, located at 225 Broadway, to the "Quantitative Analyst Group," located at 4 World Financial Center, and terminating him.

12. The effect of the practices complained of above has been to deprive Mr. Borumand of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, Iranian, and religion, Muslim.

13. The unlawful employment practices complained of above were

3

intentional.

  14. At all relevant times, Defendants have acted with malice or reckless indifference to the federally protected rights of Mr. Borumand.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of national origin and religion;

  B. Order Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of national origin and religion, and that eradicate the effects of Defendants' past and present unlawful employment practices;

  C. Order Defendants to make Majid Borumand whole by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

  D. Order Defendants to make Majid Borumand whole by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

  E. Order Defendants to provide punitive damages to Majid Borumand for its malicious and/or reckless conduct, in amounts to be determined at trial;

  F. Grant such further relief as the Court deems necessary and proper;

  G. Award the Commission its costs in this action.

<b><u>JURY TRIAL DEMAND</u></b>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: February 2*8*, 2008     Respectfully submitted,

              Ronald S. Cooper
              General Counsel

              James L. Lee
              Deputy General Counsel

              Gwendolyn Y. Reams
              Associate General Counsel

              EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION

              1801 L Street, N.W.
              Washington, D.C. 20507

              _/s/ Elizabeth Grossman_
              Elizabeth Grossman, EG-2478
              Regional Attorney

              Lisa Sirkin
              Supervisory Trial Attorney

              _/s/ Michael J. O'Brien_
              Michael J. O'Brien, MOB-6409
              Senior Trial Attorney

              New York District Office
              33 Whitehall St., 5th Floor
              New York, New York 10004-2112
              tel: (212) 336-3694
              fax: (212) 336-3623
              e-mail: michael.obrien@eeoc.gov