Edward Cerasia II
Mark S. Dichter (admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
EQUAL EMPLOYMENT OPPORTUNITY                                 :
COMMISSION,                                                  :
                                                             :
                            Plaintiff,                       :    07 CIV 6017 (DAB-KNF)
                                                             :
            - against -                                      :    Document Electronically Filed
                                                             :
MERRILL LYNCH & CO., INC., and                               :
MERRILL LYNCH, PIERCE, FENNER                                :
& SMITH INCORPORATED,                                        :
                                                             :
                            Defendants.                      :
                                                             :
-------------------------------------------------------------x
                                                             :
MAJID BORUMAND,                                              :
                                                             :
                            Plaintiff-Intervenor,            :
                                                             :
            - against -                                      :
                                                             :
MERRILL LYNCH & CO., INC., and                               :
MERRILL LYNCH, PIERCE, FENNER                                :
& SMITH INCORPORATED,                                        :
                                                             :
                            Defendants.                      :
                                                             :
-------------------------------------------------------------x

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF-INTERVENOR MAJID BORUMAND'S AMENDED COMPLAINT**

Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Merrill Lynch & Co., Inc. ("ML & Co.") (collectively, the "Defendants"),[1] by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer Borumand's Amended Complaint as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint, except admit that Borumand purports to assert claims for national origin and religion discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Defendants further deny that they engaged in any unlawful, discriminatory or retaliatory conduct against Borumand.

## JURISDICTION AND VENUE

2. Defendants deny the allegations in paragraph 2 of the Amended Complaint, except admit that Borumand seeks to invoke this Court's jurisdiction under Title VII and that he seeks to invoke the Court's supplemental jurisdiction with respect to his NYSHRL and NYCHRL claims.

3. Defendants deny the allegations in paragraph 3 of the Amended Complaint, except admit that the conduct alleged in the Amended Complaint purportedly occurred within this District. Defendants further deny that they engaged in any unlawful, discriminatory or retaliatory conduct against Borumand.

---

[1] While Plaintiff-Intervenor Majid Borumand ("Borumand") has named ML & Co. as a defendant in this case, it is not a proper party.

## **THE PARTIES**

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore leave Borumand to his proof, except admit, based upon information supplied by Borumand, that he is an Iranian citizen.

5. The allegations in paragraph 5 of the Amended Complaint state legal conclusions to which no response is required, except Defendants admit that Merrill Lynch and ML & Co. are Delaware corporations doing business within this District. Defendants further aver that ML & Co. is not a proper party in this case.

## **FACTS**

6. Defendants deny the allegations in paragraph 6 of the Amended Complaint, except admit that, in or about January 2002, Merrill Lynch offered Borumand a position in the Global Equity Technology Group.

7. Defendants deny the allegations in paragraph 7 of the Amended Complaint, except admit that, in February 2002, ML & Co. filed a Form I-129 Petition for a Nonimmigrant Worker (the "Petition") on behalf of Borumand with the U.S. Department of Justice – Immigration and Naturalization Service ("INS"), which speaks for itself; that the Form I-129 listed Borumand's job as "Programmer/Quantitative Analyst;" and that the February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities.

8. Based upon information supplied by Borumand, Defendants admit the allegations in paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations in paragraph 17 of the Amended Complaint, except admit that, during his employment, Borumand performed work with respect to models for Merrill Lynch's convertible bond trading activities.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint, except admit that, in February 2002, ML & Co. filed the Petition on behalf of Borumand with the U.S. Department of Justice – INS, which speaks for itself; that the Petition listed Borumand's job as "Programmer/Quantitative Analyst;" that the February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities; that Borumand was employed as a Senior Programmer/Quantitative Analyst in the Global Equity Technology Group; and that Borumand's compensation, which was based upon legitimate factors, was less than certain employees in Merrill Lynch's Global Equity Technology Group. Defendants further deny that they engaged in any unlawful or discriminatory conduct towards Borumand with respect to his compensation.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Amended Complaint, and further deny that Borumand engaged in protected activity.

22.     Defendants deny the allegations in paragraph 22 of the Amended Complaint, except admit that, in or about April 2005, Yonathan Epelbaum became the Managing Director in charge of the Quantitative Analyst Group.

23.     Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint, except admit that, on or about June 25, 2005, Borumand was informed that his position was being eliminated.

26.     Defendants deny the allegations in paragraph 26 of the Amended Complaint, except admit that Borumand was informed that his position was being eliminated.

27.     Defendants deny the allegations in paragraph 27 of the Amended Complaint, except admit that Merrill Lynch had retained the services of a consultant in the Quantitative Analyst Group and that, based upon information supplied by Borumand, he holds a Ph.D. degree in theoretical physics and a Master's degree in mathematical finance from the University of Wisconsin-Madison.

28.     Defendants deny the allegations in paragraph 28 of the Amended Complaint, except admit that, after being informed that Merrill Lynch was eliminating his position, Borumand complained about alleged discrimination.

29.     Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint, except admit that, on or about September 12, 2006, the EEOC issued a Determination, in which the District Director stated his conclusion that Merrill Lynch discriminated and retaliated against Borumand and that a copy of the EEOC's Determination is attached to the Amended Complaint as Exhibit 2 and speaks for itself.

34. Defendants admit the allegations in paragraph 34 of the Amended Complaint.

35. The allegations in paragraph 35 of the Amended Complaint state legal conclusions to which no response is required.

### FIRST CLAIM FOR RELIEF

36. With respect to paragraph 36 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 35 of the Amended Complaint as if fully set forth herein.

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39. Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations in paragraph 40 of the Amended Complaint.

### SECOND CLAIM FOR RELIEF

41. With respect to paragraph 41 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint.

### THIRD CLAIM FOR RELIEF

45. With respect to paragraph 45 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

46. Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF

50. With respect to paragraph 50 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 49 of the Amended Complaint as if fully set forth herein.

51. Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of the Amended Complaint.

### FIFTH CLAIM FOR RELIEF

55. With respect to paragraph 55 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 54 of the Amended Complaint as if fully set forth herein.

56. Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF

59. With respect to paragraph 59 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 58 of the Amended Complaint as if fully set forth herein.

60. Defendants deny the allegations in paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of the Amended Complaint.

## SEVENTH CLAIM FOR RELIEF

64. With respect to paragraph 64 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 63 of the Amended Complaint as if fully set forth herein.

65. Defendants deny the allegations in paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations in paragraph 68 of the Amended Complaint.

## EIGHTH CLAIM FOR RELIEF

69. With respect to paragraph 69 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 68 of the Amended Complaint as if fully set forth herein.

70. Defendants deny the allegations in paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations in paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations in paragraph 72 of the Amended Complaint.

## NINTH CLAIM FOR RELIEF

73. With respect to paragraph 73 of the Amended Complaint, Defendants incorporate by reference its responses to paragraphs 1 through 72 of the Amended Complaint as if fully set forth herein.

74. Defendants deny the allegations in paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations in paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations in paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations in paragraph 77 of the Amended Complaint.

## JURY DEMAND

78. Defendants admit that Borumand has requested a trial by jury.

## PRAYER FOR RELIEF

Defendants deny that Borumand is entitled to any of the relief requested in the "Prayer for Relief" on pages 15 through 17 of the Amended Complaint, or to any other relief.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

At this time, Defendants assert the following affirmative defenses to the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

To the extent that Borumand's Title VII claims are based upon alleged conduct that occurred more than 300 days before he filed his EEOC charge, such claims are time-barred.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Borumand's NYSHRL or NYCHRL claims are based upon alleged conduct that occurred more than three years before he filed this lawsuit, such claims are time-barred.

## THIRD AFFIRMATIVE DEFENSE

In the event that Borumand can demonstrate that his national origin, religion or purported protected activity was a motivating factor in any employment decision that he challenges, he is not entitled to recover any money damages, reinstatement or other relief because Merrill Lynch would have taken the same action in the absence of any such impermissible factor(s).

## FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are not liable for any alleged discrimination because they exercised reasonable care to prevent such behavior and Borumand unreasonably failed to take advantage of the preventative and corrective opportunities provided by Merrill Lynch and otherwise failed to avoid harm.

## FIFTH AFFIRMATIVE DEFENSE

Defendants cannot be held vicariously liable for punitive damages under Title VII and/or the NYCHRL because they made good faith efforts to comply with those statutes.

## SIXTH AFFIRMATIVE DEFENSE

Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of alleged unlawful discriminatory practices by employees in accordance with the NYCHRL.

## SEVENTH AFFIRMATIVE DEFENSE

Borumand's NYCHRL claims are barred under § 8-107(13)(d) of the NYCHRL.

## EIGHTH AFFIRMATIVE DEFENSE

Borumand's demand for punitive damages under the NYCHRL is barred under § 8-107(13)(e) of the NYCHRL.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Defendants' behalf and/or were not authorized by Defendants.

## TENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Borumand's request for economic damages is barred in whole or in part by his failure to mitigate his purported damages.

## ELEVENTH AFFIRMATIVE DEFENSE

ML & Co. is not a proper party in this case as it was not, at any time, Borumand's employer.

Defendants reserve the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Defendants request that the Court enter judgment:

(1) dismissing the Amended Complaint with prejudice and on the merits;

(2) awarding to Defendants their costs and reasonable attorneys' fees incurred in this lawsuit; and

(3) granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 7, 2008

                              MORGAN, LEWIS & BOCKIUS LLP

                              By s/Edward Cerasia II
                                 Edward Cerasia II
                                 Mark S. Dichter (admitted *Pro Hac Vice*)
                              101 Park Avenue
                              New York, New York 10178
                              212.309.6000

                              Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 7, 2008, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff-Intervenor Majid Borumand's Amended Complaint by the Electronic Case Filing system and U.S. first-class mail, postage prepaid, on the following counsel of record for Plaintiff-Intervenor and Plaintiff:

      Anthony Mango
      Mango & Iacoviello, LLP
      14 Penn Plaza, Suite 2200
      New York, New York 10122

      Michael E. Grenert
      Liddle & Robinson, L.L.P.
      800 Third Avenue
      New York, New York 10022

      Michael J. O'Brien
      U.S. Equal Employment Opportunity Commission
      New York District Office
      33 Whitehall Street, 5th Floor
      New York, New York 10004-2112

                                                        s/Edward Cerasia II
                                                        Edward Cerasia II