Edward Cerasia II
Mark S. Dichter (admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
212.309.6000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                     :
EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                                         :
                                                   :
                            Plaintiff,        :     07 CIV 6017 (DAB-KNF)
                                                   :
         - against -                             :     <u>Document Electronically Filed</u>
                                                   :
MERRILL LYNCH & CO., INC., and            :
MERRILL LYNCH, PIERCE, FENNER      :
& SMITH INCORPORATED,                  :
                                                   :
                           Defendants.     :
                                                   :
------------------------------------------------------------x
                                                   :
MAJID BORUMAND,                         :
                                                   :
                           Plaintiff-Intervenor,  :
                                                   :
         - against -                             :
                                                   :
MERRILL LYNCH & CO., INC., and            :
MERRILL LYNCH, PIERCE, FENNER      :
& SMITH INCORPORATED,                  :
                                                   :
                           Defendants.     :
                                                   :
------------------------------------------------------------x

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION'S AMENDED COMPLAINT**

Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Merrill Lynch & Co., Inc. ("ML & Co.") (collectively, the "Defendants"),[1] by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the EEOC's Amended Complaint as follows:

## NATURE OF THE ACTION

Defendants deny the allegations in the unnumbered paragraph entitled "Nature of the Action" on page 1 of the Amended Complaint, except admit that the EEOC purports to assert, on behalf of Majid Borumand ("Borumand"), a claim for national origin discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Defendants further deny that they engaged in any unlawful or discriminatory conduct against Borumand.

## JURISDICTION AND VENUE

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint, except admit that the EEOC seeks to invoke this Court's jurisdiction under Title VII.

2. Defendants deny the allegations in paragraph 2 of the Amended Complaint, except admit that the conduct alleged in the Amended Complaint purportedly occurred within this District. Defendants further deny further that they engaged in any unlawful or discriminatory conduct against Borumand.

## PARTIES

3. Defendants deny the allegations in paragraph 3 of the Amended Complaint, except admit that the EEOC is an agency of the United States government and that it has certain enforcement authority under Title VII.

---

[1] While plaintiff Equal Employment Opportunity Commission ("EEOC") has named ML & Co. as a defendant in this case, it is not a proper party.

4. The allegations in paragraph 4 of the Amended Complaint state legal conclusions to which no response is required, except Defendants admit that Merrill Lynch and ML & Co. are Delaware corporations doing business within this District, with at least fifteen employees. Defendants further aver that ML & Co. is not a proper party in this case.

5. The allegations in paragraph 5 of the Amended Complaint state legal conclusions to which no response is required, except Defendants admit that Merrill Lynch and ML & Co. are employers engaged in an industry affecting commerce. Defendants further aver that ML & Co. is not a proper party in this case.

## STATEMENT OF CLAIMS

6. Defendants admit the allegations in the first sentence of paragraph 6 of the Amended Complaint. The allegations in the second sentence of paragraph 6 of the Amended Complaint state legal conclusions to which no response is required.

7. Defendants deny the allegations in paragraph 7 of the Amended Complaint, except admit that, in or about January 2002, Merrill Lynch offered Borumand a position in the Global Equity Technology Group.

8. Defendants deny the allegations in paragraph 8 of the Amended Complaint, except admit that, in February 2002, ML & Co. filed a Form I-129 Petition for a Nonimmigrant Worker (the "Petition") on behalf or Borumand with the U.S. Department of Justice – Immigration and Naturalization Service ("INS"), which speaks for itself; that the Form I-129 listed Borumand's job as "Programmer/Quantitative Analyst;" and that the February 19, 2002 letter to the INS, which was submitted in support of the Petition and speaks for itself, generally described Borumand's job responsibilities.

9. Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that the EEOC is entitled to any of the relief requested in the "Prayer for Relief" on pages 4 through 5 of the Amended Complaint, or to any other relief.

## JURY TRIAL DEMAND

Defendants admit that the EEOC has requested a trial by jury.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

At this time, Defendants assert the following affirmative defenses to the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

To the extent that the EEOC's claims are based upon alleged conduct that occurred more than 300 days before Borumand filed his EEOC charge, such claims are time-barred.

## SECOND AFFIRMATIVE DEFENSE

In the event that the EEOC can demonstrate that Borumand's national origin and/or religion was a motivating factor in any employment decision that it challenges, the EEOC is not entitled to recover on behalf of Borumand any money damages, reinstatement or other relief

because Merrill Lynch would have taken the same action in the absence of any such impermissible factor(s).

### THIRD AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are not liable for any alleged discrimination because they exercised reasonable care to prevent such behavior and Borumand unreasonably failed to take advantage of the preventative and corrective opportunities provided by Merrill Lynch and otherwise failed to avoid harm.

### FOURTH AFFIRMATIVE DEFENSE

Defendants cannot be held vicariously liable for punitive damages under Title VII because they made good faith efforts to comply with that statute.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Defendants' behalf and/or were not authorized by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, the EEOC's request for economic damages is barred in whole or in part by Borumand's failure to mitigate his purported damages.

### SEVENTH AFFIRMATIVE DEFENSE

ML & Co. is not a proper party in this case as it was not, at any time, Borumand's employer.

Defendants reserve the right to raise additional defenses as may be discovered during the course of this litigation.

**WHEREFORE**, Defendants request that the Court enter judgment:

(1)  dismissing the Amended Complaint with prejudice and on the merits;

(2)  awarding to Defendants their costs and reasonable attorneys' fees incurred in this lawsuit; and

(3)  granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 17, 2008

                MORGAN, LEWIS & BOCKIUS LLP


                By s/Edward Cerasia II
                   Edward Cerasia II
                   Mark S. Dichter (admitted *Pro Hac Vice*)
                101 Park Avenue
                New York, New York 10178
                212.309.6000

                Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 17, 2008, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff Equal Employment Opportunity Commission's Amended Complaint by the Electronic Case Filing system and U.S. first-class mail, postage prepaid, on the following counsel of record for Plaintiff and Plaintiff-Intervenor:

>Michael J. O'Brien
>U.S. Equal Employment Opportunity Commission
>New York District Office
>33 Whitehall Street, 5th Floor
>New York, New York 10004-2112
>
>Anthony Mango
>Mango & Iacoviello, LLP
>14 Penn Plaza, Suite 2200
>New York, New York 10122
>
>Michael E. Grenert
>Liddle & Robinson, L.L.P.
>800 Third Avenue
>New York, New York 10022

>    s/Edward Cerasia II
>    Edward Cerasia II