UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

      and

MAJID BORUMAND,

      Plaintiff-Intervenor,

      v.

MERRILL LYNCH & CO., INC., and
MERRILL LYNCH, PIERCE, FENNER, &
SMITH, INC.

      Defendants.
-------------------------------------------------------------x

CIVIL ACTION NO.

07-CIV-6017 (DAB) (KNF)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-2-2008

## CONFIDENTIALITY STIPULATION AND ORDER

      Plaintiff Equal Employment Opportunity Commission, Plaintiff-Intervenor Majid Borumand, and Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively, "Merrill Lynch"), through their respective counsel, stipulate to entry of the following protective Order pursuant to Federal Rule of Civil Procedure 26(c):

### Categories and Designated Protected Information

      1.     This Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes, and other information (collectively, "Material"), produced by any party ("Party") to another Party in the above-captioned action.

      2.     The following specified categories of information produced by a Party in discovery will be designated and treated as "confidential" in this litigation: non-public financial information; proprietary financial modeling involving trading activity and

valuation; proprietary business information, including business plans, budgets, forecasts or strategies; personal information for current and former employees of Merrill Lynch, such as compensation, performance reviews, medical information, tax information and immigration information or status; and employment and compensation policies and/or practices, except that Merrill Lynch agrees to waive any asserted confidentiality of any documents showing Majid Borumand's compensation, performance, and immigration status while employed at Merrill Lynch.

3.  A Party producing documents in discovery, or otherwise producing discovery that contains information described in paragraph 2 above, that the Party believes, in good faith, should be treated as confidential in this litigation, can designate information contained within the discovery as "confidential." Only the specific information identified as "confidential," via the procedures set forth in subparagraphs 3(a) and/or 3(b) herein, will be deemed confidential.

(a)  In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b)  With regard to a portion of any deposition testimony, including the transcript or recording of such testimony, that discusses confidential information, the Party seeking to have the information kept as "confidential" must send a letter to counsel of record within ten (10) business days after the transcript is delivered to the Party designating those portions of said testimony as confidential. The Party must simultaneously specify what information is deemed "confidential" and set forth one or more of the bases enumerated in paragraph 2 for the "confidential" designation. During the deposition a Party may state, on the record, its intent to designate a portion of a deposition as "confidential." This statement, or lack thereof, does not replace the requirement that a Party must send the afore-mentioned letter designating those

portions of said testimony as confidential.

(c)     If a Party did not treat the material as confidential before discovery commenced in this litigation, the material may not be designated as "confidential" in this litigation.

(d)     Only information that a Party produces in discovery may be designated by that Party as "confidential." If the Party receiving material designated as "confidential" obtained or obtains such material outside of the discovery process, the material obtained outside of the discovery process will not be deemed "confidential" even if a Party has otherwise designated it as "confidential" during the discovery process.

(i)     Notwithstanding the provisions of paragraph ¶3(d), to the extent that Merrill Lynch produced, during the course of the EEOC investigation, documents showing personal information for current and former employees of Merrill Lynch that would have been considered ""confidential"" if produced during discovery, said documents will be "confidential" under as per this Stipulation and Order. In the event that the EEOC does not make such "confidential" designation, Merrill Lynch must make any such designation assertion within ten seven (710) business days of receipt of the EEOC's the date of production of documents by the EEOC.

4.     Material that has been designated as "confidential" ("Confidential Material") under paragraph 3 shall be treated as confidential by the Parties. All persons to whom a Party discloses confidential material shall be bound by this Order. It shall be the responsibility of counsel for each Party to this action to insure that persons authorized to receive confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Counsel shall inform each non-party ("Non-party") given access to Confidential Material pursuant to the terms hereof that (a) the Confidential Material is being disclosed

pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order.

    (a)    Confidential Material may be disclosed to:

        (i)    the Parties, counsel of record and other counsel for the Parties and such employees, experts, contractors, agents and consultants working with counsel, if any;

        (ii)    the litigation forums in which such proceeding may proceed (including the Court, court reporters, stenographic reporters); and

        (iii)    witnesses in preparation for or in depositions or pre-trial or trial proceedings relating to this proceeding.

    (b)    Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation. Any other person as to whom the Party producing such Confidential Material shall agree to the terms of this Stipulation and Order as required by paragraph 4.

### Dispute of Confidential Designation

5.    At any time, a Party receiving Confidential Material (the "Receiving Party") may, acting in good faith, notify the designating and other Parties in writing that it disputes the designation of information and/or a document as "confidential." The Receiving Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

    (a)    If the Receiving Party challenges such designation, it shall send or give notice to counsel for the other Party(ies), and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and

informally resolved within ten (10) days of the challenge, the proponent of confidentiality shall either withdraw the "confidential" designation or shall file a motion for a protective order with the Court within ten (10) days after the Parties' good-faith efforts to resolve such dispute have concluded.

(b) In the event that the proponent of confidentiality files a motion for a protective order, the Material at issue will be treated as Confidential Material until such a time that the Court rules on the motion. If no such motion is filed, then the Material will no longer be treated as "confidential."

### Documents Filed in Court

6. If a Party files a motion (the "Moving Party") not involving judicial documents, as defined by caselaw, and intends to file Confidential Material in the public docket, the Moving Party must give the Party producing Confidential Material (the "Producing Party") five (5) business days notice of its intent to use Confidential Material in the motion. Once notice is given, the Producing Party will have four (4) business days to object in writing to the proposed public filing. If the Producing Party objects, the Confidential Material will be filed with the Court under seal. If the Producing Party does not object, the Confidential Material may be filed as part of the public docket

7. This Stipulation and Order does not apply to "judicial documents" that may be subject to public disclosure in accordance with applicable caselaw.

### Miscellaneous Provisions

8. The signatories hereto may at any time, on reasonable notice of not less than four (4) business days, move for modification of this Stipulation and Order.

9.     This Stipulation and Order does not amend, alter, or otherwise affect the requirements and/or burdens of proof as set forth by the Federal Rules of Civil Procedure, the Local Civil Rules, and/or applicable caselaw. The Party designating any document or information as "confidential" shall have the burden of establishing the confidentiality of such document and/or information under applicable law.

10.    Nothing in this Stipulation and Order shall be deemed to be a waiver of any discovery or evidentiary objection.

11.    A Party who has designated information as "confidential" pursuant to this Stipulation and Order may not use that designation as a ground or reason for refusing to produce any information or documents in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information or documents are sought pursuant to a discovery request, subpoena, request for information or otherwise.

12.    This Stipulation and Order shall not prohibit any Party hereto from responding to subpoenas that are valid and enforceable under the law applicable to this proceeding as issued by a court of law having jurisdiction over the Party receiving the subpoena, or from responding to a request for documents or information by a governmental agency or self-regulatory organization having jurisdiction over a Party in this proceeding. Any Party who receives such a subpoena must provide a copy of the subpoena to all other Parties upon receipt of the subpoena.

13.    Any Non-party that produces documents in response to a valid subpoena or court

order can agree in writing to be bound by the terms of this Stipulation and Order.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Michael J. O'Brien, Esq.
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3694
Attorneys for Plaintiff

LIDDLE & ROBINSON, L.L.P.

By: _____
Michael E. Grenert, Esq.
800 Third Avenue
New York, New York 10017
(212) 687-8500
Attorneys for Plaintiff-Intervenor

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Edward Cerasia II, Esq.
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Defendants

MANGO & IACAVIELLO, LLP

By: _____
Anthony G. Mango, Esq.
Mango & Iacoviello, LLP
14 Penn Plaza, Suite 2200
New York, New York 10122
Attorneys for Plaintiff-Intervenor

**SO ORDERED:**

Dated: New York, New York
        April_____, 2008

_____ 5/2/2008
Deborah A. Batts
United States District Judge